IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

| | |
|---|---|
| **EDGAR BRISTOL DAVIS,**<br><br>PLAINTIFF<br><br>VERSUS<br><br>**OCEAN SHIPS, INC.**<br>and<br>**UNITED STATES OF AMERICA,**<br><br>DEFENDANTS. | CIVIL ACTION NO.:_____<br><br>Action on behalf of a seaman without Prepayment of Fees and Costs Defendant. Pursuant to Title 28 U.S.C. § 1916 for the health and safety of seamen at sea<br>**(without class action)** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, **EDGAR BRISTOL DAVIS**, a person of full legal age and a citizen and domiciliary of Crystal Springs, Florida. Plaintiff avers the following:

**I.**

Jurisdiction is based upon the Jones Act, 46 U.S.C. § 30104, the General Maritime law, the Public Vessels Act, 46 U.S.C. § 31101, et seq., and, in the alternative, the Suits in Admiralty Act, 46 U.S.C. § 30901, *et seq.* Pursuant to 46 U.S.C. § 31104 and 46 U.S.C. § 30906, venue is proper because the USNS SHUGHART is berthed in this district.

**II.**

Made party defendant herein is **OCEAN SHIPS, INC.** (hereinafter "**OSHI,**") a Delaware corporation with its principal place of business in Texas, licensed to do and doing business in the Eastern District of Virginia. OSHI was acting as an agent of the United States of America as contract operator of the USNS SHUGHART. Accordingly, made additional party herein

is the **UNITED STATES OF AMERICA**, which at all times herein owned the USNS SHUGHART, a vessel in navigation at the time of the incident which forms the basis of Plaintiff's claims.

### III.

At all material times herein, Plaintiff was employed by **OSHI** in the capacity of Chief Mate. At all material times herein, Plaintiff was assigned to work on the vessel USNS SHUGHART owned by the United States of America and operated, managed and controlled by Defendants.

### IV.

On or about January 15, 2020, Plaintiff was directed to prepare the lifeboats for weight testing by the ship's Master. The Master provided insufficient personnel and equipment for the job assigned. Plaintiff was required to manually carry a brass manifold weighing over 50 pounds down steep stairs on the afterdeck. The stairs were peppered with grease from lifeboat fall wires being dragged across them previously by someone other than Plaintiff. Plaintiff slipped on the grease. As a result of the slippery stair and the slip, Plaintiff's left knee was lacerated.

### V.

At all material times herein, Defendants, OSHI and the UNITED STATES OF AMERICA owned, operated, chartered, managed, manned and controlled the USNS SHUGHART.

### VI.

Edgar Bristol Davis v. Ocean Ships, Inc. and United States of America
United States District Court for the Eastern District of Virginia
Complaint

2

The personal injuries sustained by Plaintiff, EDGAR BRISTOL DAVIS, were not caused by any fault on his part but were caused by the negligence of the Defendants, OCEAN SHIPS, INC. and the UNITED STATES OF AMERICA, their managers, agents, servants and/or employees. The Defendants were negligent in the following ways:

(a) Defendants failed to provide a safe place in which to work;

(b) Defendants failed to comply with its own policies and procedures;

(c) Defendants failed to operate the ship properly;

(d) Defendants failed to warn Plaintiff of a potentially dangerous condition;

(e) Defendants failed to train employees in safe work practices;

(f) Defendants failed to maintain the ship properly;

(g) Defendants failed to inspect the vessels to ensure they were sound and seaworthy;

(h) Defendants failed to provide proper medical care;

(i) Defendants failed to safely maintain the afterdeck stairs free of slippery substances;

(j) Defendants failed to provide sufficient personnel and equipment for the job assigned.

(k) Defendants failed to maintain the afterdeck stairs with appropriate nonslip safety processes;

(l) Defendants' Master issued improvident orders; and

(m) Other particulars to be shown at the trial of this case.

VII.

Edgar Bristol Davis v. Ocean Ships, Inc. and United States of America
United States District Court for the Eastern District of Virginia
Complaint

3

The personal injuries sustained by Plaintiff, EDGAR BRISTOL DAVIS, were not caused by any fault on his part but were caused by the unseaworthiness of the USNS SHUGHART. The USNS SHUGHART was unseaworthy in the following ways:

(a) Defendants failed to safely maintain the afterdeck stairs free of slippery substances;

(b) Defendants failed to maintain the afterdeck stairs with appropriate nonslip safety processes;

(c) The afterdeck stairs involved were not safely designed;

(d) Any of the allegations of negligence herein that may constitute an unseaworthy condition;

(e) Defendants' Master was incompetent as the time of the incident having issued improvident orders, thereby rendering the Vessel unseaworthy; and

(f) Other particulars to be shown at the trial of the case.

## VIII.

At all material times herein, the UNITED STATES OF AMERICA was negligent under the maritime law pursuant to the Public Vessels Act and, in the alternative, the Suits in Admiralty Act. All allegations of negligence, unseaworthiness, causation and damages stated in this Complaint against OCEAN SHIPS, INC. are pled against the UNITED STATES OF AMERICA as well.

## IX.

Edgar Bristol Davis v. Ocean Ships, Inc. and United States of America
United States District Court for the Eastern District of Virginia
Complaint

4

As a direct and proximate result of the incident described herein, Plaintiff sustained serious, disabling and permanent injuries to his body and mind. Plaintiff has damages of past and future mental and physical pain and suffering, past wages and permanent loss of earning capacity, past and future medical expenses, loss of retirement and other benefits, loss of enjoyment of life, great anxiety and emotional distress, loss of found, and any and all other related damages and expenses allowed by law, all for which Plaintiff is entitled to sue and recover from the Defendants herein for the full and total sum of FIVE MILLION THREE HUNDRED THOUSAND DOLLARS ($5,300,000.00) DOLLARS.

X.

Maintenance and cure is due from Defendants. Plaintiff's incident occurred while in the service of the USNS SHUGHART. Plaintiff remained onboard the USNS SHUGHART working in excruciating pain. The Master, Mark Kerr, never attempted to assist. On 22 January 2020, Plaintiff made his own way home to Florida without assistance. On 24 January 2020, Plaintiff was hospitalized for sepsis due to treatment delays by the vessel Master, Mark Kerr, and OSHI representatives. He remained in the hospital for over 30 days having surgery including left knee removal, right knee, and back surgery. In June of 2020, a total left knee replacement was completed. On October 26, 2021 the right knee was replaced. Plaintiff's surgeries have all been sepsis related originating from the accident and incident referenced herein. Plaintiff has repeatedly asked for OSHI to pay maintenance and cure for which he is due under the law. OSHI has continued to and still denies his request. Jacob Hafmeister, Manager of Marine Claims for OSHI, sent letters to medical providers arbitrarily and capriciously refusing to pay

Edgar Bristol Davis v. Ocean Ships, Inc. and United States of America
United States District Court for the Eastern District of Virginia
Complaint

5

claims without investigating said claims. Demand is made for an appropriate rate of maintenance and for appropriate cure, and for all damages allowed under the General Maritime law associated with said claim, including attorney fees, compensatory damages and punitive damages from Defendants, should said benefits not be provided as required by law.

WHEREFORE, Plaintiff demands judgment against OCEAN SHIPS, INC. and the UNITED STATES OF AMERICA, jointly and severally, for the full and total sum of FIVE MILLION THREE HUNDRED THOUSAND ($5,300,000) DOLLARS in compensatory damages, altogether with legal interest to be paid by OSHI OCEAN SHIPS, INC. thereon from the date of the accident herein until paid; interest to be paid by UNITED STATES OF AMERICA from the date of judgment as provided by law**;** for proper maintenance and cure and related compensatory damages; for punitive damages and attorney fees from Defendants as provided by law; for all costs of these proceedings; and all appropriate, general and equitable relief, and for trial by jury.

**EDGAR BRISTOL DAVIS**

By: /s/ Deborah C. Waters
Deborah C. Waters, Esquire
VSB No. 28913
L. Clayton Magee, Esquire
VSB No. 95399
Waters Law Firm, P.C.
Town Point Center, Suite 600
150 Boush Street
Norfolk, Virginia 23510
Telephone: 757-446-1438
Facsimile: 757-446-1438
dwaters@waterslawva.com
cmagee@waterslawva.com

Edgar Bristol Davis v. Ocean Ships, Inc. and United States of America
United States District Court for the Eastern District of Virginia
Complaint

6